MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUANA RAMALES PEREZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| EAST SIDE TOP CLEANERS LLC (D/B/A | |
| EAST SIDE CLEANERS), CLAUDIA LIM, | **ECF Case** |
| and JUNG LIM, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Juana Ramales Perez ("Plaintiff Ramales" or "Ms. Ramales"), individually and

on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against East Side Top Cleaners LLC (d/b/a East Side

Cleaners), ("Defendant Corporation"), Claudia Lim and  Jung Lim, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Ramales is a former employee of Defendants East Side Top Cleaners LLC

(d/b/a East Side Cleaners), Claudia Lim, and Jung Lim.

2.       Defendants own, operate, or control a dry cleaners, located at 1671 York Avenue,

New York, NY 10128 under the name "East Side Cleaners".

3.      Upon information and belief, individual Defendants Claudia Lim and Jung Lim, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the dry cleaner as a joint or unified enterprise.

4.      Plaintiff Ramales was employed to wash and fold clothes at the dry cleaner located at 1671 York Avenue, New York, NY 10128.

5.      At all times relevant to this Complaint, Plaintiff Ramales worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Ramales appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Ramales to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Ramales now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Ramales seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ramales's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a dry cleaner located in this district. Further, Plaintiff Ramales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Juana Ramales Perez ("Plaintiff Ramales" or "Ms. Ramales") is an adult individual residing in Queens County, New York.

14.     Plaintiff Ramales was employed by Defendants at East Side Cleaners from approximately September 2017 until on or about June 20, 2020.

15.     Plaintiff Ramales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a dry cleaner, located at 1671 York Avenue, New York, NY 10128 under the name "East Side Cleaners".

17.     Upon information and belief, East Side Top Cleaners LLC (d/b/a East Side Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1671 York Avenue, New York, NY 10128.

18.     Defendant Claudia Lim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Claudia Lim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Claudia Lim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Ramales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Jung Lim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jung Lim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jung Lim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate a dry cleaner located in the Upper East Side section of Manhattan in New York.

21.     Individual Defendants, Claudia Lim and Jung Lim, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Ramales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramales, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Ramales (and all similarly situated employees) and are Plaintiff Ramales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Ramales and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendants Claudia Lim and Jung Lim operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Ramales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ramales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ramales's services.

28. In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the dry cleaner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Ramales is a former employee of Defendants who was employed to wash and fold clothes.

31.     Plaintiff Ramales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juana Ramales Perez*

32.     Plaintiff Ramales was employed by Defendants from approximately September 2017 until on or about June 20, 2020.

33.     Defendants employed Plaintiff Ramales to wash and fold clothes.

34.     Plaintiff Ramales regularly handled goods in interstate commerce, such as dry-cleaning supplies and other supplies produced outside the State of New York.

35.     Plaintiff Ramales's work duties required neither discretion nor independent judgment.

36.     Throughout her employment with Defendants, Plaintiff Ramales regularly worked in excess of 40 hours per week.

37.     From approximately September 2017 until on or about March 2020, Plaintiff Ramales worked from approximately 7:00 a.m. until on or about 3:00 p.m., 3 days a week, from approximately 7:00 a.m. until on or about 4:00 p.m., 2 days a week, and from approximately 8:00 a.m. until on or about 2:00 p.m., 1 day a week (typically 48 hours per week).

38.     From approximately May 26, 2020 until on or about June 29, 2020, Plaintiff Ramales worked from approximately 8:00 a.m. until on or about 4:00 p.m., 3 days a week (typically 24 hours per week).

39.     Throughout her employment, Defendants paid Plaintiff Ramales her wages in cash.

40.     From approximately September 2017 until on or about September 2018, Defendants paid Plaintiff Ramales $10.00 per hour.

41.     From approximately September 2018 until on or about September 2019, Defendants paid Plaintiff Ramales $11.00 per hour.

42.     From approximately September 2019 until on or about December 2019, Defendants paid Plaintiff Ramales a fixed salary of $500 per week.

43.     From approximately December 2019 until on or about March 2020, Defendants paid Plaintiff Ramales a fixed salary of $530 per week.

44.     From approximately May 26, 2020 until on or about June 29, 2020, Defendants paid Plaintiff Ramales a fixed salary of $280 per week.

45.     Plaintiff Ramales's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46.     For example, Defendants required Plaintiff Ramales to work an additional 30 minutes to 1 hour past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

47.     Plaintiff Ramales was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48.     Defendants required Plaintiff Ramales to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramales regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Ramales an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Ramales, in English and in Spanish (Plaintiff Ramales's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Ramales to purchase "tools of the trade" with her own funds—including boxes of gloves and two face masks.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

54.     Plaintiff Ramales was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

55.     Defendants' pay practices resulted in Plaintiff Ramales not receiving payment for all her hours worked, and resulted in Plaintiff Ramales's effective rate of pay falling below the required minimum wage rate.

56.     Defendants habitually required Plaintiff Ramales to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

57.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.     On a number of occasions, Defendants required Plaintiff Ramales to sign a document the contents of which she was not allowed to review in detail.

59.      Defendants paid Plaintiff Ramales her wages in cash.

60.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ramales (and similarly situated individuals) worked, and to avoid paying Plaintiff Ramales properly for her full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ramales and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff  Ramales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Ramales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff Ramales brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff Ramales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

68.     The claims of Plaintiff Ramales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Ramales's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Ramales (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.     Defendants failed to pay Plaintiff Ramales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.     Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Ramales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ramales (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.     Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Ramales (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.      Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Ramales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Ramales, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ramales less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Ramales the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Ramales was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

85.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ramales  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Ramales overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Ramales was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to provide Plaintiff Ramales with a written notice, in English and in Spanish (Plaintiff Ramales's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91.     Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

92.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

93.     With each payment of wages, Defendants failed to provide Plaintiff Ramales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94.     Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

95.     Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants required Plaintiff Ramales to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her

job, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.     Plaintiff Ramales was damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramales respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramales and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramales and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ramales and the FLSA Class members;

(f)      Awarding Plaintiff Ramales and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Ramales and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ramales's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Ramales;

(l)      Awarding Plaintiff Ramales damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Ramales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Ramales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Ramales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Ramales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ramales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 17, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 10, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                             Juana Ramales Perez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                         Juana R

Date / Fecha:                                10 de julio de 2020

*Certified as a minority-owned business in the State of New York*