```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/4/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
  :
JUANA RAMALES PEREZ, *individually and on behalf*  :
*of others similarly situated*,  :
  :
                       Plaintiff,  :               20-cv-5509 (LJL)
  :
     -v-  :               <u>ORDER</u>
  :
EAST SIDE TOP CLEANERS., et al.,  :
  :
                       Defendants.  :
                                              X
---------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

      The Court is in receipt of a letter from the parties in this action, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., advising that the parties have reached a settlement in principle. *See* Dkt. No. 12. Under current Second Circuit law, any settlement—including any proposed attorney's fee award— must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      Accordingly, it is hereby ORDERED that, on or before March 4, 2021, the parties must submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (LJL) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

      IT IS FURTHER ORDERED that the status conference scheduled for tomorrow, February 4, 2021, is CANCELLED, and that a fairness hearing will be held on March 11, 2021 at 10:00 a.m. At that date and time the parties are ORDERED to dial the Court's teleconference line at 888-251-2909 (access code: 2123101) and to follow the necessary prompts.

      SO ORDERED.

Dated: February 4, 2021                      _____
      New York, New York                          LEWIS J. LIMAN
                                                        United States District Judge