# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

March 23, 2021

**VIA ECF:**

Hon. Lewis J. Liman
United States District Judge – SDNY
Daniel Patrick Moynihan
US Courthouse
500 Pearl Street
New York, NY 10007

> MEMORANDUM ENDORSED. For the reasons stated at conference on March 11, 2021, the Court finds the attached settlement agreement to be fair and reasonable pursuant to the applicable standards. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).
>
> The settlement is approved and the Clerk of Court is respectfully directed to close the case. SO ORDERED. 3/24/2021

         RE:          **Ramales Perez, et al. v. East Side Top Cleaners, LLC, et al.**
                            **Civil Docket No.: 1:20-cv-05509-LJL**
                         **LETTER WITH REVISED SETTLEMENT AGREEMENT**

To Your Honor:

        This office represents Plaintiff in the above captioned action. In accordance with the Court's decision on March 11, 2021 after a fairness hearing was conducted, Plaintiff now files, jointly with Defendants, a revised settlement agreement, conforming to the Court's order. As such, Plaintiff's attorneys will now receive $6,000.00 in attorneys' fees, inclusive of costs, with Plaintiff receiving $10,000.00. The revised and executed settlement agreement is annexed hereto as *Exhibit A*.

        Plaintiff and counsel thank the Court for its time and attention in this matter and awaits the Court's decision.

                                                                      Best regards,

                                                                      *s/s Kevin S. Johnson*

                                                                      Kevin S. Johnson, Esq.
                                                                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                                      *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JUANA RAMALES PEREZ, *individually and on behalf of others similarly situated,*

                      *Plaintiff*,

-against-

EAST SIDE TOP CLEANERS, LLC (d/b/a EAST SIDE CLEANERS) CLAUDIA LIM, and JUNG LIM,

                      Defendants.
------------------------------------------------------------X

Case No. **1:20-cv-05509**

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff JUANA RAMALES PEREZ ("Plaintiff Perez") on the one hand, EAST SIDE TOP CLEANERS, LLC (d/b/a EAST SIDE CLEANERS) (the "Defendant Corporation"), AE HEE LIM (S/H/A CLAUDIA LIM), and JUNG LIM (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: **1:20-cv-05509** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged,

it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants relating specifically to the claims in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of $16,000.00 (the "Settlement Amount") to be paid to Plaintiff' attorneys, as follows:

A single payment in the amount of $16,000.00 by one check made payable to JUANA RAMALES PEREZ and one check made payable to "Michael Faillace and Associates, P.C. a/a/o Juana Ramales Perez." Payment shall be distributed as follows:

For Plaintiff Juana Ramales Perez: ($10,000.00)

For "Michael Faillace and Associates, P.C." ($6,000.00)

Within twenty-one days of this Agreement being signed by all Parties, the checks set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks/payments shall constitute a default under the Agreement.

The aforesaid payment shall be deposited, cleared, and held in escrow by Plaintiff's attorneys until such time as the Court shall approve the Agreement and the distribution of the funds as outlined above. Upon the order of the Court, Plaintiff's attorneys shall promptly and without delay distribute the funds according to the Court's order. Plaintiff shall submit the application for Court approval within seven days of receipt of the signed Agreement by Defendants. The application shall be in the form attached as Exhibit 1 and include an order of dismissal with prejudice and without costs or legal fees in accordance with the Federal Rules of Civil Procedure. If the Court does not approve the Agreement, the settlement payment referred to in this Paragraph 1 shall be returned to Defendants, unless otherwise agreed, within 10 days of the Court's order denying approval of the Agreement.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that he has, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this

Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.  <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5.  <u>Acknowledgments:</u>  Plaintiff acknowledges that: (1) he has been fully and fairly represented by counsel in this matter; and (2) he has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential.  Defendants acknowledge that they could have consulted counsel, and were so advised by the Court of the same. Defendants further acknowledge as outlined in the corresponding paragraphs below, that Defendants have voluntarily and consensually agreed to proceed with this Agreement without the benefit of counsel.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.  <u>Notices</u>:  Notices required under this Agreement shall be in writing and shall be deemed given on the fifth day following first-class mailing thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

C/O JUNG H. LIM AND AE HEE LIM
TEL: 201-693-7131
EMAIL: eastsidecleaners1671@gmail.com

7.  <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in

accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification:</u>    Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Voluntary Agreement</u>. Individual Defendants AE HEE LIM a/k/a CLAUDIA LIM and JUNG LIM understand, represent and agree that they:

> A. Have carefully read and fully understands all of the provisions of this Agreement;
>
> B. Knowingly and voluntarily agree to all of the terms set forth in this Agreement;
>
> C. Knowingly and voluntarily agree to be legally bound by this Agreement;
>
> D. Execute this Agreement on their own free will, without promises, threats or the exertion of duress upon them;
>
> E. Were advised to consider the terms of this Agreement with counsel, had the opportunity to be represented by counsel of their own choosing in deciding to enter into this Agreement and the underlying litigation, both by Plaintiff's counsel and the Court; elected to proceed with the litigation and execution of this Agreement without said assistance of counsel in either representation or an advisory capacity; was consulted with regarding this litigation and settlement agreement with their adult children and other family;
>
> F. Were given a reasonable time to consider his rights and obligations under this Agreement;

    G. Were not made any oral promise or representation to induce them to enter into this Agreement;

    H. Have relied on their own judgment in choosing to enter into this Agreement;

    I. Are competent to execute this Agreement and are precluded from seeking to overturn this Agreement on the basis that they were incompetent when they executed it;

    J. Were provided an explanation of the terms of this Agreement in their native language and acknowledges that they are precluded from seeking to overturn this Agreement on the basis that they were not read the terms of this Agreement in their native language or that they did not understand the terms; and are duly authorized and have full authority to execute this Agreement.

   11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

   **All Parties signing below, represent and warrant that each provision of this Agreement and Release has been translated to me in their native language. The Parties further represent and warrant that each provision has been explained to them in their native language, and all their questions about this Agreement were answered in their native language. They further certify that they fully understand the Agreement and Release as well as their individual right and obligations hereunder.**


PLAINTIFF:


By: _____    Date: _____
  JUANA RAMALES PEREZ

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**All Parties signing below, represent and warrant that each provision of this Agreement and Release has been translated to me in their native language. The Parties further represent and warrant that each provision has been explained to them in their native language, and all their questions about this Agreement were answered in their native language. They further certify that they fully understand the Agreement and Release as well as their individual right and obligations hereunder.**

PLAINTIFF:

By: _Juana Ramales_  Date: 03/14/2021
   JUANA RAMALES PEREZ


DEFENDANTS:

*Corporate Defendant*

By: _____  Date: _____
   EAST SIDE TOP CLEANERS, LLC
   (d/b/a EAST SIDE CLEANERS)


*Individual Defendants:*

By: _____  Date: _____
   AE HEE LIM A/K/A CLAUDIA LIM

By: _____  Date: _____
   JUNG LIM

DEFENDANTS:

*Corporate Defendant*

By: _East Side Top Cleaners_       Date: 3/03/21
    EAST SIDE TOP CLEANERS, LLC
    (d/b/a EAST SIDE CLEANERS)


*Individual Defendants:*

By: _[signature]_       Date: 2/03/21
    AE HEE LIM A/K/A CLAUDIA LIM

By: _[signature]_       Date: 3/03/21
    JUNG LIM


1231196.1


1231196.1